UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| QUINSHENG LIU, | ) | |
|     Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 05-11220-RCL |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | Formerly Suffolk Superior |
|     Defendant. | ) | Court Civil Action No. |
| | ) | 05-CV-0996-A |

**UNITED STATES' MEMORANDUM IN SUPPORT OF THE MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

**Introduction**

The United States submits this memorandum in support of its motion to dismiss for lack of subject matter jurisdiction.

**Facts**

The plaintiff, Quinsheng Liu, filed this action in the Suffolk Superior Court Department of the Trial Court of Massachusetts against the South Cove Community Health Center ("South Cove") on or about March 15, 2005, Civil Action No. 05-CV-0996-A. The complaint alleges various tort claims against South Cove arising from dental care provided to the Plaintiff.

South Cove was at all times relevant to the Complaint an entity deemed eligible for coverage under the Federal Tort Claims Act pursuant to 42 U.S.C. §233, the Federally Supported Health Centers Assistance Act of 1992. See Declaration of Richard Bergeron,

attached hereto as Exhibit 1.[1]

## Argument

Under Federally Supported Health Centers Assistance Act of 1992, the exclusive remedy "for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions . . . by any commissioned officer or employee of the Public Health Service while acting in the scope of his office or employment" shall be pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq*.  See 42 U.S.C. § 233(a).

Plaintiff's action should be dismissed for lack of subject matter jurisdiction because plaintiff, alleging negligence by employees of the South Cove Community Health Center,[2] has not presented a claim to HHS as required by 28 U.S.C. § 2675(a). Section 2675(a) of the FTCA provides:

> An action shall not be instituted upon a claim against the
> United States for money damages for injury or loss of
> property or personal injury or death caused by the negligent or
> wrongful act or omission of any employee of the government
> while acting within the scope of his office or employment,
> unless the claimant shall have first presented the claim to the

---

[1] See Gonzales v. United States, 284 F.3d 281 (1st Cir. 2002) ("The attachment of exhibits to a Rule 12(b)(1) motion does not convert it to a Rule 56 motion.")

[2] See 42 U.S.C. §233(g) ("an entity described in paragraph (4) [a center deemed eligible by HHS under §233(h)], and any . . . employee of such an entity, . . . shall be deemed to be an employee of the Public Health Service"); Gonzales, 284 F.3d at 286 ("At all relevant times, the Greater Lawrence Family Health Center, . . . was a federally supported health center, pursuant to the Federally Supported Health Centers Assistance Act of 1992 and 42 U.S.C. § 233(a), and all its employees were deemed federal employees for the purposes of the FTCA.").

>appropriate federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a).  The regulations requiring notice to the federal agency under the FTCA provide:

>[A] claim shall be deemed to have been presented when a federal agency receives from a claimant, or his duly authorized agent or representative an executed standard Form 95 or other written notification of an incident accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident.

28 C.F.R. § 14.2(a).  See Cogburn v. United States, 717 F. Supp. 958, 963 (D. Mass. 1989).

The purpose of the statute is to provide notice by the claimant to the federal agency in order to give an agency sufficient notice to commence investigation and place a value on the claim.  Cizek v. United States, 953 F.2d 1232, 1233 (9th Cir. 1992).  The failure to follow the claim procedures deprives the United States District Court of jurisdiction over the tort claim against the United States.  McNeil v. United States, 508 U.S. 106, 113 (1993)("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies").  In the present case, the plaintiff failed to follow the FTCA's procedural requirements since plaintiff did not present a claim to HHS before filing suit in the Suffolk Superior Court.  Bergeron Declaration, ¶1-4.

CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss for lack of subject matter jurisdiction should be granted.

                      Respectfully submitted,

                      MICHAEL J. SULLIVAN
                      United States Attorney

                      /s/ Mark J. Grady
                      MARK J. GRADY
                      Assistant U.S. Attorney
                      U.S. Attorney's Office
                      John Joseph Moakley U.S. Courthouse
                      1 Courthouse Way, Suite 9200
                      Boston, MA   02210
                      Tel. No. (617) 748-3136

**Certificate of Service**

IT IS HEREBY CERTIFIED that on this 22nd day of June 2005 service of the foregoing Memo has been made upon the following by depositing a copy in the United States mail, postage prepaid to:

Quinsheng Liu
23 Howell Street
Dorchester, MA 02125

                      /s/ Mark J. Grady
                      Mark J. Grady
                      Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Qingsheng Liu, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Docket No. |
| ) | |
| South Cove Community Health ) | |
| Center, ) | |
| ) | |
| Defendants. ) | |
| ) | |

DECLARATION OF
RICHARD G. BERGERON

1. I am a Senior Attorney in the General Law Division, Office of the General Counsel, Department of Health and Human Services (the "Department"). I am familiar with the official records of administrative tort claims maintained by the Department as well as with the system by which those records are maintained.

2. The Department's General Counsel's Office has a Claims Branch that maintains in a computerized database a record of administrative tort claims filed with the Department, including those filed with respect to federally supported health centers that have been deemed to be eligible for Federal Tort Claims Act malpractice coverage.

3. As a consequence, if a tort claim had been filed with the Department with respect to South Cove Community Health Center, its approved delivery sites, or its employees or qualified contractors, a record of that filing would be maintained in the Claims Branch's database.

4. I caused a search of the Claims Branch's database to be conducted and found no record of an administrative tort claim filed by Qingsheng Liu or his authorized representative relating to the health center.

-2-

5. I have also reviewed official agency records and determined that South Cove Community Health Center was deemed eligible for Federal Tort Claims Act malpractice coverage effective June 20, 1994, and that its coverage has continued without interruption since that time. Copies of the notifications by an Assistant Surgeon General, Department of Health and Human South Cove Community Health Center are attached to this declaration as Exhibit 1.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Dated at Washington, D.C., this  16th  day of  June , 2005.

RICHARD G. BERGERON
Senior Attorney, Claims and Employment Law Branch
General Law Division
Office of the General Counsel
Department of Health and Human Services



# DEPARTMENT OF HEALTH AND HUMAN SERVICES
DEPARTMENT OF HEALTH & HUMAN SERVICES
BUREAU OF PRIMARY HEALTH CARE

Public Health Service

Health Resources and
Services Administration
Rockville MD 20857

JUN 21 1994

Mr. Elmer Leong
Board President
South Cove Community Health Center
885 Washington Street
Boston, Massachusetts 02111

Dear Mr. Leong:

The Bureau of Primary Health Care (BPHC), in accordance with Section 224(h) of the Public Health Service (PHS) Act, 42 U.S.C. 233(h) as amended by the Federally Supported Health Centers Assistance Act of 1992 (P.L. 102-501), deems the above named entity to be an employee of the Federal Government for the purposes of Section 224. Under Section 224(a), the remedy against the United States provided under the Federal Tort Claims Act (FTCA) for medical and related functions performed by commissioned officers or employees of the PHS while acting within the scope of office or employment, shall be exclusive of any other civil action or proceeding. P.L. 102-501 extends this "FTCA coverage" to the grantees that have been deemed covered under Section 224(h) and certain of their officers, employees, and contractors, as specified below.

This action is based on the assurances provided on May 10, 1994, with regard to:
(1) implementation of appropriate policies and procedures to reduce the risk of malpractice; (2) implementation of a system whereby professional credentials, references, claims history, fitness, professional review organization findings, and licensure status of its health professionals are reviewed and verified; (3) cooperation with the Department of Justice (DOJ) in the defense of claims (including access to all pertinent documents and patient information and records) and actions to assure against claims in the future; and (4) cooperation with the DOJ in providing information related to previous malpractice claims history.

All officers, employees, and full-time contractors (minimum 32.5 hours per week) of this grantee who are physicians or other licensed or certified health care practitioners and who are providing services under the scope of activities covered by the project funded through its Section 329 (migrant health centers), Section 330 (community health centers), Section 340 (health services for the homeless), or Section 340A (health services for residents of public housing) grant(s) are also deemed to be employees of the Federal Government for the purposes of Section 224, as are part-time contractors who are licensed or certified

FILE COPY

| OFFICE | SURNAME | DATE | OFFICE | SURNAME | DATE | OFFICE | SURNAME | DATE |
|---|---|---|---|---|---|---|---|---|
| DCMH | STINSON | | | | | | | |

Exhibit-1

Page 2 - Mr. Elmer Leong

providers of obstetrical services and whose individual medical malpractice liability insurance coverage does not extend to services performed for this grantee. Subrecipients listed as eligible for FTCA coverage by the grantee will be deemed eligible only for carrying out those grant-related activities designated as being within the scope of their contract.

Accordingly, the Attorney General, through the DOJ, has the responsibility for the defense of the individual and/or grantee for malpractice claims approved for FTCA coverage. Please note that the applicability of the Act to a particular claim or case will depend upon the determination or certification, as appropriate, by the Attorney General that the individual or grantee is covered by the Act and was acting within the scope of employment. Such determination or certification is subject to judicial review. If the claim is subject to FTCA coverage, it must be reviewed initially by the PHS through an administrative claims process. Your cooperation in the handling of the claim (including providing the relevant medical records) will be necessary.

Section 224 is further amended by providing that hospital admitting privileges cannot be denied if a covered health professional meets the appropriate professional qualifications, and agrees to abide by the hospital bylaws and the rules, and regulations of the medical staff. These individuals are thus afforded the same treatment as members of the National Health Service Corps with respect to hospital admitting privileges. Hospitals that fail to comply shall be in jeopardy of losing Medicare and Medicaid reimbursements.

The BPHC will be evaluating the implications of FTCA coverage for the payment of malpractice insurance costs under the terms of your grant. As a general rule, BPHC would not allow further charges to the grant for malpractice insurance for services subject to FTCA coverage. However, BPHC recognizes that some insurable risks will remain after the effective date of eligibility for FTCA coverage, including risks covered by malpractice insurance for non-covered providers. These remaining risks may require the purchase of private insurance by the grantee. Furthermore, it is expected that grantees will purchase "tail" insurance coverage for current providers with claims made instead of occurrences policies. Consequently, a grantee that has been deemed eligible for FTCA coverage should not cancel its current private malpractice insurance policies until these "gap" coverage requirements have been identified and policies secured.

The BPHC will consider allowing the grantee to continue to purchase its current malpractice insurance where the grantee can demonstrate that: (1) this is necessary to maintain the current scope of services and patient care activities and (2) the cost of such insurance is less than the cost of the insurable risks that remain after FTCA coverage is in effect, i.e., gap coverage.

Page 3 - Mr. Elmer Leong

Furthermore, BPHC will examine your request for charging to your grant the cost of "tail" insurance, if your previous malpractice coverage was for claims made, rather than occurrences. Here too, we will consider the extent to which the cost of tail insurance exceeds the cost of the present malpractice insurance, in deciding which form of insurance will be an allowable expense under the grant.

The effective date of eligibility for FTCA malpractice coverage is June 20, 1994. FTCA coverage is only applicable to acts or omissions occurring after this effective date and before January 1, 1996, for the scope of activities covered by the grant funded project.

For further information, please contact Mr. Joel Bostrom, FTCA Coordinator, Region I, (617) 565-1470.

          Sincerely yours,

          /s/ MARILYN H. GASTON, M.D.

          Marilyn H. Gaston, M.D.
          Assistant Surgeon General
          Director

cc: GMO Region I, GMO BPHC, DOJ



**DEPARTMENT OF HEALTH & HUMAN SERVICES**
BUREAU OF PRIMARY HEALTH CARE

Public Health Service

Health Resources and
Services Administration
Bethesda MD 20814

JUN 20

Ms. Jean Lau Chin
Executive Director
South Cove Community Health Center
145 South Street
Boston, Massachusetts  02111

Reference: Malpractice Liability Coverage

The Bureau of Primary Health Care (BPHC), in accordance with Section 224(h) of the Public Health Service (PHS) Act, 42 U.S.C. 233(h) as amended by the Federally Supported Health Centers Assistance Act of 1995 (Pub.L. 104-73), deems the above named entity to be an employee of the Federal Government, effective June 23, 1996, for the purposes of Section 224. Section 224(a) provides liability protection under the Federal Tort Claims Act (FTCA) for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, and related functions and is exclusive of any other civil action or proceeding.
This "FTCA coverage" is applicable to deemed entities and their including officers, governing board members, employees, and contractors who are physicians or other licensed or certified health care practitioners working full-time (minimum 32.5 hours per week) or part-time providing family practice, general internal medicine, general pediatrics, or obstetrical/gynecological services.

Section 224 further provides that hospital admitting privileges cannot be denied on the basis of having malpractice coverage under the FTCA, if a covered health care professional meets the appropriate professional qualifications, and agrees to abide by the hospital bylaws and the rules, and regulations of the medical staff. Moreover, managed care plans are required to accept FTCA as meeting whatever malpractice insurance coverage requirements such plans may require of contracting providers. Hospitals and managed care plans that fail to comply shall be in jeopardy of losing Medicare and Medicaid reimbursements.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met. For example, a $1.0 million each claim/$3.0 million aggregate occurrence is met since FTCA would, as appropriate, provide for the payment to a plaintiff of any damages awarded as a result of a judgment or a settlement approved by the Attorney General, sums in excess of this amount.

For further information, please contact Robin Lawrence, D.D.S., Regional FTCA Coordinator, HRSA Field Office, Boston, Massachusetts at (617) 565-1426.

Sincerely yours,

Marilyn H. Gaston, M.D.
Assistant Surgeon General